## J, Park McGee v. Sarah C. Coffey, Adm'x.

1. VERDICTS—*Ignoring Facts Established by the Evidence.*—In this case there was evidence sufficient to make out a defense which the jury. appear to have disregarded. It is not a case of conflicting testimony, but rather a case where certain evidence has been ignored, wholly without good reason, and the verdict should not be allowed to stand.

**Assumpsit,** on the common counts. Appeal from the Circuit Court of Douglas County; the Hon. EDWARD P. VALE, Judge, presiding. Heard in this court at the November term, 1896. Reversed and remanded. Opinion filed June 16, 1897.

JAMES W. & EDWARD C. CRAIG, E. L. WALKER and THOMAS W. ROBERTS, attorneys for appellant.

J. MARTIN NEWMAN and ECKHART & MOORE, attorneys for appellee.

OPINION PER CURIAM.

This is an appeal from a judgment in favor of the appellee as administratrix for $1,750. The claim of the plaintiff was based upon various transactions between defendant and the intestate running through a period of eighteen years, including board, money collected by the defendant for the intestate, etc. The evidence tended to show a balance due upon such items with more or less certainty. The defendant proved by several witnesses that the intestate stated not long before her death and after all the supposed items accrued that she and defendant had settled and that there was nothing due her from him. It seems she held his promissory notes for about $340, which he paid to the administratrix. It does not appear, however, when these notes were given.

This testimony as to her admissions of a settlement is practically not contradicted.

There was an attempt to impeach the general reputation of two of the witnesses. How far this was successful need

not be discussed, but however much so, there is unimpeached testimony of other witnesses equally as direct to the same effect. We have no doubt she did make such admissions, and from the proof before us we are forced to the conclusion that she did not regard the defendant as her debtor except as to the notes which she held against him.

The fact that she held these notes, in view of what is proved as to the numerous transactions between them during such a long period, is quite persuasive that they had such an understanding in regard to their business affairs.

The jury disregarded this aspect of the case, and, so far as we can see, wholly without good reason. It is not a case of conflicting testimony, but rather a case where the evidence, *prima facie* sufficient to make out a defense, has been ignored. We think the issue should be again tried. The judgment will therefore be reversed and the cause remanded.